IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRAVIS HAUSCHULZ,

                      Plaintiff,

                                                  CIVIL ACTION
   vs.                                            No. 04-3475-GTV

BOURBON COUNTY BOARD OF COMMISSIONERS,
et al.,

                      Defendants.

**ORDER**

Before the court is a complaint filed under 42 U.S.C. 1983 by a prisoner in the custody of the State of Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

By an order dated January 14, 2005, the court directed plaintiff to pay an initial partial filing fee of $21.00, as assessed by the court under 28 U.S.C. 1915(b)(1). When plaintiff sought reconsideration of that assessed fee, the court directed plaintiff to supplement the motion with additional information concerning the payments from plaintiff's account pursuant to a state child support withholding order.

In response, plaintiff provides no new information about the payments made pursuant to that state withholding order, but persuasively indicates he now has no funds to proceed in this matter. Having considered this information, the court grants plaintiff's motion for reconsideration and grants plaintiff leave

to proceed in forma pauperis without payment of an initial partial filing fee. See 28 U.S.C. 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

In the complaint, plaintiff seeks damages on four claims concerning the conditions of his confinement in the Bourbon County Jail in Ft. Scott, Kansas.[1] First, plaintiff claims he was denied necessary but non-emergency dental treatment, and was denied medication to avoid schizophrenic episodes because he had no funds to pay for mental health treatment. Second, plaintiff claims he was placed in administrative detention without a hearing and without proper authority. Third, plaintiff claims he was held in a cell for two weeks with no running water, and was provided only one cup of water every 24 hours for drinking and hygiene. Fourth, plaintiff claims he had no access to legal

---

[1] While still a prisoner in the custody of the Kansas Department of Corrections, plaintiff was temporarily confined in the Bourbon County jail between October through December in 2003.

materials, was denied indigent legal postage, and was charged for copies of his administrative grievances.

A constitutionally cognizable claim under 42 U.S.C. 1983 must allege both that a right secured by the Constitution or laws of the United States was violated, and that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Having reviewed the record, the court finds plaintiff's second and fourth claims should be dismissed as stating no cognizable constitutional violation.

Plaintiff's placement in administrative detention is not protected by due process guarantees unless that confinement presents "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472 (1995). Because plaintiff does not allege a deprivation of liberty that was atypical or substantial, or that was otherwise protected by Kansas law, his placement in administrative detention did not give rise to a viable claim under 42 U.S.C. 1983.

The court next finds plaintiff's fourth claim should be dismissed because plaintiff alleges no prejudice resulting from the alleged denial of legal resources or copies of grievances while plaintiff was confined in the Bourbon County facility.² See

---

²Although plaintiff broadly states he sustained the permanent loss of an unidentified court action because he did not have access to mail or copies of grievances, there is nothing in plaintiff's complaint, inmate request forms, or inmate grievances to identify the particular legal action alleged to have been adversely impacted. See Hall v. Bellmon, 935 F.2d 1106, 1110

3

Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996)(to state claim of denied access to the court under Bounds v. Smith, 430 U.S. 817 (1977), inmate "must show that any denial or delay of access to the court prejudiced him in pursuing litigation").

The court finds, however, that proper and judicial processing of plaintiff's first and third claims cannot be achieved without additional information from appropriate officials of Bourbon County, Kansas.  See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).  See also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for reconsideration (Doc. 4) is granted, and that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff's second and fourth claims are dismissed as stating no claim for relief, and that this action proceeds only on the first and third claims in plaintiff's complaint.

IT IS FURTHER ORDERED that:

(1) The clerk of the court shall prepare appropriate waiver and/or summons for all defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure,[3] to be served by a United States

---

(10th Cir. 1991)("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

[3]The court liberally construes the complaint as naming all individual defendants in their individual capacity.  Waiver of service of summons forms are to be prepared for defendants Coleman, Spencer, Lord, and Ballinger.  Fed.R.Civ.P. 4(d).
Plaintiff also names the Bourbon County Board of County

Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendants.

(2) Officials responsible for the operation of the Bourbon County jail are directed to undertake a review of the subject matter of the complaint:

(a)  to ascertain the facts and circumstances;

(b)  to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c)  to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

---

Commissioners as a defendant.  Summons is to be prepared for this defendant, for service by certified mail to the Bourbon County Clerk.  Fed.R.Civ.P. 4(j)(2); K.S.A. 60-304(d).

(4) Authorization is granted to the officials of Bourbon County, Kansas, to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed without leave of the court until the <u>Martinez</u> report has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report requested herein. This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

(7) The clerk of the court shall transmit copies of this order to plaintiff, to defendants, to the County Counselor for Bourbon County, and to the Finance Officer where plaintiff is currently confined.

IT IS FURTHER ORDERED that the screening process under 28 U.S.C. 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant to D. Kan. R. 40.1.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 28th day of April 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States District Judge