IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRAVIS HAUSCHULZ,                )
                                 )
            Plaintiff,           )
                                 )
vs.                              )   Case No. 04-3475-KHV
                                 )
BOARD OF COUNTY COMMISSIONERS    )
OF BOURBON COUNTY, KANSAS, et al., )
                                 )
            Defendants.          )

## **ORDER**

This case comes before the court on the motion **(doc. 61)** of the plaintiff, Travis Hauschulz, to reconsider the court's order (doc. 53) of January 9, 2006, which denied plaintiff's motion (doc. 50) to reinstate his application for appointment of counsel. For the reasons set forth below, plaintiff's motion to reconsider is denied.

D. Kan. Rule 7.3, in pertinent part, provides:

> A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge.
>
>  . . . .
>
> (b) . . . A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[1] A motion to reconsider gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence.[2]  A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[3]  Such a motion "is not a second chance for the losing party to makes its strongest case or to dress up arguments that previously failed."[4]

Plaintiff asks the court to reconsider its January 9, 2006 order, in which the court denied plaintiff's motion to reinstate his application for appointment of counsel.  Although that motion was filed out of time, the court considered it on its merits and found appointment of counsel unnecessary.  The court noted that plaintiff's claims do not involve complicated facts and that plaintiff has clearly articulated his case thus far.  The court remains convinced that plaintiff can adequately prepare and present his case without the aid of counsel.

For these reasons, plaintiff's motion for reconsideration is denied.  The court, however, may revisit this issue if plaintiff's claims survive the pending motion for summary

---

[1] *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[2] *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

[3] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

[4] *Voelkel*, 846 F. Supp. at 1483 (citing *OTR Driver at Topeka Frito-Lay, Inc.'s Distrib. Ctr. v. Frito-Lay, Inc.*, No. 91-4193, 1993 WL 302203, at *1 (D. Kan. July 19, 1993)).

judgment (doc. 44).

Copies of this order shall be served upon the *pro se* plaintiff by regular and certified mail and all counsel of record.

IT IS SO ORDERED.

Dated this 31st day of January, 2006, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
